IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOELIA DONAMARIA, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>REPRODUCTIVE GENETIC INNOVATIONS, INC.,<br><br>                Defendant. | Case No.   24 C 9535<br><br>Judge Robert W. Gettleman |

**ORDER**

The court has reviewed the parties' supplemental briefs on subject matter jurisdiction [34 & 35]. The court notes that neither party meaningfully addressed the cases that the court cited in its minute order [33], which make clear that to satisfy the "minimal diversity" requirement under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), a plaintiff must provide evidence (by affidavit, for example) that identifies a specific class member who is a citizen of a state other than Illinois. See Toulon v. Cont'l Cas. Co., 877 F.3d 725, 733 (7th Cir. 2017) (allowing parties to provide additional facts by affidavit to establish subject matter jurisdiction); see also Dancel v. Groupon, Inc., 940 F.3d 381, 385 (7th Cir. 2019) (discussing Toulon and explaining that plaintiff must do more than allege that the class is broad and that the case relates to a product or service sold in many states); Benson v. Fannie May Confections Brands, Inc., No. 17 C 3519, 2018 WL 1087639, at *2 (N.D. Ill. Feb. 28, 2018) (citing Toulon, noting that "simply stating that a member of a class of plaintiffs is from a different state than a defendant does not satisfy the requirement of minimal diversity"). Consequently, based on the pleadings currently on file, the parties have failed to show the minimal diversity required by CAFA.

Nevertheless, the court will not dismiss the case at this time, and instead grants plaintiff's request for leave to conduct limited jurisdictional discovery into the court's subject matter jurisdiction by August 16, 2025. The court directs plaintiff to file a supplemental brief (not to exceed 10 pages) by September 12, 2025, setting forth how it has met its burden to establish that the requirements of § 1332(d)(2)(A)—including minimal diversity—are satisfied in this case. The plaintiff should also explain therein why the exceptions to CAFA jurisdiction under §§ 1332(d)(3), 1332(d)(4)(A), and 1332(d)(4)(B) should not apply here. See, e.g., Mullen v. GLV, Inc., 37 F.4th 1326, 1328 (7th Cir. 2022) (explaining that the court may raise § 1332(d)(4) on its own even though it is akin to abstention and is not a limitation on jurisdiction); see also Benson, 2018 WL 1087639, at *2 (plaintiffs made "no representation as to what percentage of . . . purchases were made by Illinois residents versus non-Illinois residents, making it impossible for the Court to determine whether § 1332(d)(4) required the Court to decline to exercise jurisdiction"). The defendant is granted leave to file a response to plaintiff's supplemental brief (not to exceed 10 pages) by September 19, 2025. Finally, because the jurisdictional question must be resolved first, the court strikes without prejudice defendant's pending motion to dismiss [18], which may be renewed should the court find that it has jurisdiction.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:    June 16, 2025**